UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SIATUA MASALOA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security<br>Administration,<br><br>　　　　　Defendant. | CASE NO. 11cv5314-RBL-JRC<br><br>REPORT AND<br>RECOMMENDATION ON<br>PLAINTIFF'S COMPLAINT<br><br>Noting date: May 25, 2012 |

　　　This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (see ECF Nos. 14, 15, 16).

　　　The ALJ in this matter failed to evaluate the medical evidence properly by concluding that an opinion from an examining doctor was not consistent with the record, when it was consistent with significant probative evidence that the ALJ failed to discuss.

The ALJ also failed to evaluate properly opinion evidence from a state agency medical consultant. The ALJ also erred in making a residual functional capacity ("RFC") assessment that conflicted with opinions by examining doctors, without explaining why the opinions were not adopted. For these reasons, and based on the relevant record, the Court concludes that this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

BACKGROUND

Plaintiff, SIATUA MASALOA, was forty years old on her amended alleged date of disability onset of July 14, 2006 (Tr. 46, 108, 111). Plaintiff is five feet, five inches tall, has weighed between 315 and 363 pounds, and suffers from chronic morbid obesity (Tr. 18). Plaintiff smokes and reports symptoms of coughing, wheezing, shortness of breath, poor sleep and daytime grogginess (id.). She also reports a depressed mood, loss of interest in life, memory and anxiety problems (id.). The ALJ found that plaintiff suffered from the severe impairments of asthma, sleep apnea, obesity, affective disorder and anxiety disorder (id.).

Plaintiff does not have an extensive work history (see, e.g., Tr. 112). She indicated that the longest job she had held in the previous 15 years to filing for benefits was working for about eight months as a nurse aid (see Tr. 122-23). She indicated that she oversaw and "helped with personal needs" and activities of daily living for an elderly client (Tr. 123).

## PROCEDURAL HISTORY

Plaintiff filed an application for supplemental security income on July 14, 2006 (Tr. 108-10, 111). Her application was denied initially and following reconsideration (Tr. 57-60, 62-63). Plaintiff's requested hearing was held before Administrative Law Judge M.J. Adams ("the ALJ") on May 7, 2009 (Tr. 26-54). On July 23, 2009, the ALJ issued a written decision in which he found that plaintiff was not disabled pursuant to the Social Security Act (Tr. 13-25).

On February 17, 2011, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). See 20 C.F.R. § 404.981. In April, 2011, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision (ECF Nos. 1, 3). On August 29, 2011, defendant filed the sealed administrative record ("Tr.") in this matter (see ECF Nos. 10, 11). In her Opening Brief, plaintiff challenges the ALJ's review of (1) the medical evidence; (2) the lay evidence; (3) plaintiff's testimony and credibility; and, (4) plaintiff's residual functional capacity ("RFC") (see ECF No. 14, p. 3). Plaintiff also raises the issue of whether or not the ALJ erred by basing his step five finding on an incorrect RFC (id.).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical

or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" Sandgathe v. Chater, 108 F.3d 978, 980 (1996) (per curiam) (*quoting* Andrews, supra, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing*

Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing* SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (other citation omitted)); see also Molina v. Astrue, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. April 2, 2012) (Dock. No. 10-16578); Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." Stout, supra, 454 F.3d at 1054 (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. Molina, supra, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; see also 28 U.S.C. § 2111; Shinsheki v. Sanders, 556 U.S. 396, 407 (2009); Stout, supra, 454 F.3d at 1054-55.

## DISCUSSION

I. <u>The ALJ failed to evaluate properly the medical evidence</u>.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist.

Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (*citing* Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, supra, 81 F.3d at 830-31 (*citing* Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick, supra, 157 F.3d at 725 (*citing* Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why his own interpretations, rather than those of the doctors, are correct. Reddick, supra, 157 F.3d at 725 (*citing* Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). However, the ALJ "need not discuss *all* evidence presented." Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." Id. (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981)).

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, supra, 81 F.3d at 830 (citations omitted); see also 20 C.F.R. § 404.1527(d). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. Lester, supra, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." Tonapetyan, supra, 242 F.3d at 1149 (*citing*

Magallanes, supra, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." Van Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831); see also 20 C.F.R. § 404.1527(d)(2)(i) (when considering medical opinion evidence, the Commissioner will consider the length and extent of the treatment relationship). The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing* Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996)); Andrews, supra, 53 F.3d at 1041).

   A. Plaintiff's mental impairments and limitations

      1. Dr. Terilee Wingate, Ph.D. ("Dr. Wingate"), examining doctor

Dr. Wingate examined plaintiff on May 3, 2006, June 1, 2007, June 18, 2008 and June 5, 2009 (see Tr. 206-17, 281-89, 290-98, 356-64). She conducted mental status examinations on each of these occasions (id.). Dr. Wingate provided many opinions regarding plaintiff's limitations on her ability to function in a work setting supported by Dr. Wingate's objective observations and plaintiff's test results (id.).

On June 18, 2008, regarding plaintiff's ability to perform on a normal day to day work basis, Dr. Wingate opined that plaintiff suffered from marked limitations in her ability to relate appropriately to co-workers and supervisors; to interact appropriately in public contacts; and to respond appropriately to and tolerate the pressures and expectations of a normal work setting (Tr. 283). The ALJ gave "less weight" to this

medical opinion of Dr. Wingate based in part on the ALJ's finding that the opinion of Dr. Wingate that plaintiff had marked limitations in social functioning was "inconsistent with the medical record that shows few objective findings indicative of psychiatric problems" (Tr. 23).

However, when making this determination, the ALJ failed to discuss significant probative evidence to the contrary. See Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981)) (The ALJ must explain why "significant probative evidence has been rejected").

On November 15, 2005, Dr. Charles M. Regets, Ph.D. ("Dr. Regets") examined plaintiff and diagnosed plaintiff with generalized anxiety disorder and panic disorder with agoraphobia (see Tr. 194-202). Like Dr. Wingate, Dr. Regets opined that plaintiff suffered from marked limitations in social functioning, including marked impairments in her ability to relate appropriately to co-workers and supervisors; to interact appropriately in public contacts; and to respond appropriately to and tolerate the pressures and expectations of a normal work setting (Tr. 196). Even though this evaluation predated plaintiff's July 14, 2006 alleged date of disability onset by about eight months, the Court concludes that this evaluation is significant and probative, especially in the context of the ALJ's failure to credit fully Dr. Wingate's similar opinions on the basis of inconsistency with the medical record (see Tr. 23). The ALJ erred when he failed to discuss this significant probative evidence before concluding that Dr. Wingate's opinion that plaintiff had marked limitation in social functioning was "inconsistent with the medical record",

as this evidence from Dr. Regets supports Dr. Wingate's opinion (Tr. 23). See <u>Vincent</u>, <u>supra</u>, 739 F.2d at 1394-95.

On November 4, 2006, Dr. James Parker, M.D. ("Dr. Parker") opined following performance of a mental status examination of plaintiff that plaintiff "would have difficulty interacting with others" (Tr. 243). Although the ALJ gave significant weight to Dr. Parker's opinions, the ALJ failed to explain why he did not credit fully Dr. Parker's opinion regarding plaintiff's difficulty interacting with others, instead finding that plaintiff could "respond appropriately to supervision, co-workers, and work situations" (Tr. 20, 23). This medical opinion evidence from Dr. Parker also supports Dr. Wingate's opinion.

The Court notes that the June 18, 2008 opinion of Dr. Wingate cited by the ALJ is supported by consistent opinions from Dr. Wingate in May 3, 2006, June 1, 2007 and June 5, 2009, thus providing additional evidence in the medical record consistent with her June 18, 2008 opinion (Tr. 208, 292, 358). The ALJ failed to discuss the May 3, 2006 and June 1, 2007 evaluations by Dr. Wingate and the June 5, 2009 evaluation appears not to have been before the ALJ (<u>see</u> Tr. 6). See <u>Taylor v. Comm'r of SSA</u>, 659 F.3d 1228, 1232 (9th Cir. 2011) (*citing* <u>Ramirez v. Shalala</u>, 8 F.3d 1449, 1451-54 (9th Cir. 1993)) (the Court may review new evidence when determining whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"). The Court also notes evidence supplied to the Appeals Council from Dr. Jack T. Norris, Ph.D. regarding his similar opinion of plaintiff's moderate and marked

social limitations (see Tr. 374). See Taylor, supra, 659 F.3d at 1232 (*citing* Ramirez, supra, 8 F.3d at 1451-54).

In a related manner, the Court finds that the ALJ's determination regarding plaintiff's RFC is inconsistent with the opinion of Dr. Reget as well as the opinions of Drs. Wingate and Parker regarding plaintiff's ability to "respond appropriately to supervision, co-workers, and work situations" (see Tr. 20, 196; see also Tr. 208, 243, 283, 358). According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5 at *20.

Therefore, the ALJ erred in making a RFC assessment that conflicted with opinions by Drs. Regets and Parker, without explaining why these opinions by the doctors were not adopted. See id. Although the ALJ attempted to explain why one of the relevant opinions regarding plaintiff's social limitations from Dr. Wingate was not adopted, the Court concludes that the ALJ's finding that this opinion by Dr. Wingate was inconsistent with the medical record is not based on substantial evidence in the record as a whole, for the reasons stated above.

The ALJ also found that Dr. Wingate's opinion regarding plaintiff's social functioning was "inconsistent with the claimant's own reported activities that include various activities in public settings" (Tr. 23). However, the activities specified by the ALJ include getting dressed; helping with laundry; vacuuming; washing dishing; reading

novels; watching television; occasionally accompanying her niece on errands; emptying the trash; going shopping; preparing meals; attending to personal care; going to church; visiting family members; attending her nephew's sporting events; and walking through malls (Tr. 22). The ALJ fails to explain how any of these activities are inconsistent with Dr. Wingate's opinions that plaintiff suffered from marked limitations on a normal day to day work basis in her ability to relate appropriately to co-workers and supervisors or to respond appropriately to and tolerate the pressures and expectations of a normal work setting (see Tr. 23, 358). Therefore, the Court concludes that this finding by the ALJ also is not supported by substantial evidence in the record as a whole.

For the reasons stated and based on a review of the relevant record, the Court concludes that the ALJ failed to evaluate properly the medical evidence from Dr. Wingate. The ALJ failed to provide "specific and legitimate reasons that are supported by substantial evidence in the record" for his failure to credit fully Dr. Wingate's opinion that plaintiff suffered from marked limitations in her ability to relate appropriately to co-workers and supervisors and to respond appropriately to and tolerate the pressures of a normal work setting (Tr. 283). See Lester, supra, 81 F.3d at 830-31. This error is not harmless as the ALJ found that plaintiff had the RFC to "respond appropriately to supervision, co-workers, and work situations" (Tr. 20). Therefore, this matter should be reversed and remanded for further administrative proceedings.

2. Dr. Thomas Clifford, Ph.D. ("Dr. Clifford"), state agency medical consultant

The ALJ included the following in his written decision: "Dr. Clifford also seemed to conclude that the claimant could persist for only 2 hours (internal citation to Exhibit

10F), an opinion that is inconsistent with the medical record" (Tr. 23). The ALJ failed to provide support from the medical record for this conclusory finding. However, the ALJ should refer "to specific evidence in the medical record" in order to reject properly the opinion of a reviewing doctor. See Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing* Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996)); Andrews, supra, 53 F.3d at 1041).

For the reasons stated and based on the relevant record, the Court concludes that the ALJ failed to evaluate properly the medical evidence regarding plaintiff's mental impairments and limitations and that this matter should be reversed and remanded to the Commissioner for further administrative proceedings.

B. Plaintiff's physical impairments and limitations

Plaintiff's morbid obesity, smoking, and the resulting physical impairments and limitations were evaluated by several medical doctors. The ALJ failed to discuss the evidence and opinions from Dr. Charles H. Shen, M.D.; Dr. Stephen L. Drasnin, M.D.; and Dr. Christopher Nurre, M.D.; as well as the treatment records from PA-C Donna Elam (see Tr. 230, 310-12, 332). The ALJ also failed to discuss objective evidence from the treatment record of Dr. Gary Gaffield, D.O. that plaintiff had brawny edema in both ankles, a wide stance waddling gait, no patellar or Achilles reflexes, and reduced range of motion in her neck, hips and knees (see Tr. 266-67).

While the ALJ correctly noted that obesity and its related symptoms are considered a medically terminable impairment, (see Tr. 21, *citing* SSR 02-01p, 2002 SSR LEXIS 1), the ALJ rejected without discussion much of the evidence from the medical

record supporting plaintiff's allegations regarding physical impairments and limitations. The ALJ's discussion of the medical record regarding plaintiff's physical impairments and limitations in his written decision was not "a detailed and thorough summary of the facts and conflicting clinical evidence," in which he stated his interpretations and made appropriate findings. See Reddick, supra, 157 F.3d at 725 (*citing* Magallanes, supra, 881 F.2d at 751). In addition, the Court already has concluded that the ALJ erred in his review of the medical evidence regarding plaintiff's mental impairments and limitations, see supra, section I. A. For these reasons and based on the relevant record, the Court finds that all of the medical record should be evaluated anew following remand of this matter. All significant probative evidence should be evaluated explicitly if it is not adopted in full. See Vincent, supra, 739 F.2d at 1394-95.

II. Plaintiff's testimony and credibility should be evaluated anew following remand of this matter.

The ALJ failed to credit fully plaintiff's testimony in part based on "the objective medical evidence" (see Tr. 22). In addition, a determination of plaintiff's credibility generally relies on the assessment of the medical evidence. See 20 C.F.R. § 404.1529(c). As discussed already, the Court has determined that the ALJ failed to evaluate properly the medical evidence and that such evidence must be evaluated anew, see supra, section I. Therefore plaintiff's testimony and credibility should be evaluated anew following remand of this matter.

1  III. The lay evidence should be evaluated anew following remand of this matter.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," see 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources," see 20 C.F.R. § 404.1513 (d)(4), and "other sources" such as nurse practitioners and chiropractors, who are considered other medical sources, see 20 C.F.R. § 404.1513 (d)(1). See also Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." Turner, supra, 613 F.3d at 1224 (*citing* Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); see also Van Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). Testimony from "other non-medical sources," such as friends and family members, see 20 C.F.R. § 404.1513 (d)(4), may not be disregarded simply because of their relationship to the claimant or because of any potential financial interest in the claimant's disability benefits. Valentine v. Comm'r SSA, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ rejected the evidence from plaintiff's niece, Ms. Tumua Bird (see Tr. 23). In doing so, the ALJ found that her "statement and testimony generally reflect the same allegations as those made by the claimant, allegations that are not entirely credible for the reasons discussed above" (id.).

One of the "reasons discussed above" by the ALJ in support of his finding that plaintiff was not credible entirely included his assessment of the objective medical evidence (see Tr. 22). However, the Court already has determined that the ALJ failed to review the medical evidence properly, see supra, section I. Therefore, the lay evidence from Ms. Tumua Bird should be assessed anew following remand of this matter.

Because the medical evidence, lay evidence and the testimony of plaintiff all must be evaluated anew, plaintiff's residual functional capacity ("RFC") should be evaluated anew following remand of this matter. In addition, the Court already has concluded that the ALJ erred in his review of plaintiff's RFC by failing to discuss medical opinion evidence contrary to his RFC determination, see supra, section I.A. The Court concludes that all five steps of the sequential disability evaluation procedure should be evaluated anew following remand of this matter.

IV. This matter should not be remanded with a direction for an award of benefits.

The Ninth Circuit has put forth a "test for determining when evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178, 2000 U.S. App. LEXIS 38646 at **17 (9th Cir. 2000). It is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (*quoting* Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996)).

Here, outstanding issues must be resolved. See Smolen, 80 F.3d at 1292. There is a large volume of medical and other evidence, and there is much in the record that was not discussed by the ALJ.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing* Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980))).

Therefore, remand is appropriate in order to allow the Commissioner the opportunity to consider properly all of the medical evidence as a whole and to incorporate the properly considered medical evidence into the consideration of plaintiff's credibility and residual functional capacity. See Sample, supra, 694 F.2d at 642. Remanding the matter will allow the Commissioner the opportunity not only to reconsider the medical evidence that was before the ALJ, but also to consider fully the new evidence that plaintiff submitted to the Appeals Council (see Tr. 5, 356-80).

## CONCLUSION

The ALJ failed to evaluate the medical evidence properly by concluding that Dr. Wingate's opinion was not consistent with the record, when it was consistent with

significant probative evidence that the ALJ erred by failing to discuss, including that by Drs. Reget and Parker. The ALJ also failed to evaluate properly opinion evidence from Dr. Clifford. In addition, the ALJ erred in making a RFC assessment that conflicted with opinions by Drs. Regets and Parker, without explaining why these opinions were not adopted.

Based on these reasons and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 25, 2012, as noted in the caption.

Dated this 3rd day of May, 2012.

J. Richard Creatura
United States Magistrate Judge